UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AMALGAMATED TRANSIT UNION
LOCAL 1015,

    Plaintiff,

    v.

SPOKANE TRANSIT AUTHORITY,

    Defendant.

NO. 2:17-CV-00053-JLQ

ORDER RE: PERMANENT INJUNCTION AND DIRECTING ENTRY OF JUDGMENT

On June 27, 2017, the court held a bench trial in this matter. On September 28, 2017, the court issued its Memorandum Opinion, Findings of Fact, and Conclusions of Law re: Bench Trial. *See* (ECF No. 48). As part of the Memorandum Opinion, the court directed the parties to submit a brief addressing the relief to which Plaintiff was entitled based on the court's findings. On October 9, 2017, the parties submitted a Joint Brief wherein the parties stated Plaintiff Amalgamated Transit Union Local 1015 ("ATU") is entitled to a permanent injunction with details as to the scope thereof. On October 30, 2017, STA submitted its comments (ECF No. 51) on the proposed Order pursuant to the court's direction. (ECF No. 50). The brief included ATU's position on STA's proposed changes.

To obtain a permanent injunction, a claimant must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

ORDER - 1

Based on the court's findings and conclusions, and the stipulation of the parties, the court finds a permanent injunction is warranted herein. The court has found Defendant Spokane Transit Authority ("STA") unreasonably interpreted its Commercial and Advertising Policy when it determined ATU's proposed advertisement touched on a "Public Issue" and was not "Commercial and Promotional Advertising." *See* (ECF No. 48 at 15-20). Inherent in the court's findings is the irreparable nature of ATU's injury (the inability to advertise on STA's buses), the inadequacy of monetary damages (which ATU did not seek), the balance of hardships favoring ATU, and the public interest favors injunctive relief.

Based on the prior rulings of the court and the Joint Brief of the parties,

**IT IS HEREBY ORDERED**:

1. In the event Defendant Spokane Transit Authority ("STA") resumes its advertising program in the future STA is **ENJOINED** from rejecting Plaintiff Amalgamated Transit Union Local 1015's proposed advertisement (Trial Exhibit 2), subject to reasonable and appropriate artistic modifications.

2. STA is not required to accept or run the ATU advertisement while its advertising program is suspended.

3. This injunction shall remain in effect as long as STA maintains its Commercial and Promotional Advertising Policy in its current form. STA may revise its Policy and this Order does not prohibit any revisions thereto.

4. If STA resumes its advertising program under a revised Commercial and Advertising Policy, STA shall offer ATU a contract to run the proposed advertisement for a term not to exceed one year, without regard to any restrictions imposed by the revised Policy. Upon the completion of the advertisement's run, STA may accept or reject renewal of the advertisement according to the criteria set forth in the revised Policy.

5. ATU shall pay the prevailing rate for any advertisement STA is required to

accept under this Order.

6. The Clerk shall enter Judgment in favor of Plaintiff ATU consistent with this Order and the findings and conclusions set forth in the Memorandum Opinion (ECF No. 48).

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and Judgment, and furnish copies to counsel.

Dated November 1, 2017.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE